[835 NYS2d 667]

In the Matter of LESLIE SUE SAFIAN, Also Known as LESLIE S. KUHN, a Suspended Attorney, Respondent.

Second Department, May 8, 2007

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated November 3, 2005, containing five charges of professional misconduct. After a hearing on June 2, 2006, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report and for such relief as the Court deems appropriate. The respondent has neither submitted a reply, nor requested an extension of time in which to do so.

Charge One alleges that the respondent engaged in conduct that adversely reflects on her fitness to practice law by failing to comply with a judicial subpoena so ordered by the court, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On October 17, 2005, the Grievance Committee served the respondent at her home with a judicial subpoena so ordered by this Court requiring her appearance on October 20, 2005. The respondent failed to appear on that date or to communicate with the Grievance Committee since being served with the subpoena.

Charge Two alleges that the respondent engaged in conduct which is prejudicial to the administration of justice by failing to reregister with the Office of Court Administration (hereinafter OCA) as an attorney and counselor-at-law, in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Pursuant to Judiciary Law § 468-a (1) and section 118.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR), any attorney and counselor-at-law admitted to practice in the State of New York is required to file a biennial registration statement with OCA and pay a fee, unless exempt from paying under statute. Section 468-a (5) of the Judiciary Law provides that noncompliance constitutes conduct prejudicial to the administration of justice.

The respondent was required to file a biennial attorney registration statement and fee in or about September 2000 for the biennial period 2000-2001. The respondent failed to file her biennial registration statement and applicable fee for that period and all subsequent periods to date.

Charge Three alleges that the respondent engaged in conduct that reflects adversely on her fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee for the Ninth Judicial District, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

By letter dated June 9, 2005, the Grievance Committee advised the respondent that a sua sponte complaint was authorized against her. The respondent was directed, inter alia, to submit an answer within 10 days after her receipt of that letter. She failed to submit a response.

Charge Four alleges that the respondent engaged in conduct that adversely reflects on her fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee for the Ninth Judicial District, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On July 26, 2005, the Grievance Committee forwarded a letter to the respondent requesting her response on or before August 8, 2005. She failed to submit a response within the time specified.

Charge Five alleges that the respondent engaged in conduct that adversely reflects on her fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On August 31, 2005, the Grievance Committee forwarded a letter to the respondent regarding her failure to register and requested her response on or before September 19, 2005. The respondent failed to reply within the time specified.

Based on the uncontroverted evidence, the Special Referee properly sustained all five charges of professional misconduct. The Grievance Committee's motion to confirm the Special Referee's report is granted.

The Grievance Committee reports no prior disciplinary history.

While the respondent ultimately cooperated with the Grievance Committee and complied with OCA filing requirements, the Grievance Committee was required to expend an inordinate amount of time and effort on this matter. She failed to comply

with the biennial registration requirements since 2000 and failed to comply with a subpoena so ordered by this Court.

Inasmuch as the respondent has finally contacted OCA and certified that she is retired from the practice of law, the interim suspension imposed by decision and order on motion of this Court dated May 1, 2006, is vacated, and she is publicly censured for her professional misconduct.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the interim suspension imposed by decision and order on motion of this Court dated May 1, 2006, is vacated; and it is further,

Ordered that the respondent is publicly censured for her professional misconduct.